UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. MACY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02600-TWP-DML |
| | ) | |
| DESHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND CERTIFICATE OF APPEALABILITY**

Christopher Macy is serving a 45-year sentence in the Indiana Department of Correction after being convicted in 2009 of voluntary manslaughter by a Marion County jury. Macy's petition for a writ of habeas corpus challenges that conviction. For the reasons that follow, Macy's petition must be denied, the action must be dismissed with prejudice, and no certificate of appealability shall issue.

### I. Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). The Indiana Court of Appeals rendered the following summary of the facts underlying the criminal proceeding:

> Macy worked as a maintenance worker in the Keystone Towers apartments. On March 26, 2008, he found that his tools were missing. He thought that Darrick Mitchell had stolen them, and he began asking residents where he could find Mitchell. He later found him; in front of at least three witnesses, Macy repeatedly hit Mitchell on the head with a flashlight. Witnesses recounted that Mitchell slumped over, started bleeding profusely, and made gurgling noises. Although the police arrived within minutes, Mitchell could not be saved, and he died from his wounds.

*Macy v. State*, No. 49A05-1601-PC-100, 2017 WL 1349332, at ¶ 2 (Ind. Ct. App. Apr. 12, 2017).

Six days later, the state charged Macy with murder. On February 3, 2009, the jury convicted him instead of the lesser-included offense of voluntary manslaughter, a class A felony. On February 19, 2009, the trial court sentenced him to 45 years' imprisonment.

Macy appealed, raising one issue: the trial court's admission of gruesome autopsy photographs of Mr. Mitchell's head. *See* Dkt. 8-3. The Indiana Court of appeals denied Macy's direct appeal on November 16, 2009. *See* Dkt. 8-5.

On July 22, 2010, Macy filed a petition for post-conviction relief (PCR) in the trial court. *See* Dkt. 8-1 at 9. Following an evidentiary hearing, the trial court denied the petition. *See id.* at 20.

Macy appealed the denial of his petition for post-conviction relief on four grounds:

(1) the PCR court wrongly denied him leave to present expert testimony regarding the causes of Mr. Mitchell's wounds;

(2) he was denied effective assistance of counsel at his trial because his attorney declined to present evidence suggesting that another person may have caused Mr. Mitchell's death;

(3) he was denied effective assistance of counsel on appeal because his attorney declined to raise stronger issues than the admissibility of the autopsy photographs; and

(4) the trial court erred by failing to consider his provocation by Mr. Mitchell's theft of his tools a mitigating factor at sentencing.

*See* dkt. 8-7. The Indiana Court of Appeals affirmed the trial court's denial of the petition for post-conviction relief. *See Macy*, No. 49A05-1601-PC-100, 2017 WL 1349332.

Macy petitioned the Indiana Supreme Court to assume jurisdiction over his petition for post-conviction relief. Macy's petition for transfer raised issues (2) and (4) from the list above and asserted a constitutional challenge to the sentencing procedure used by the trial court. *See* Dkt. 8-10. The Indiana Supreme Court denied Macy's petition for transfer on June 29, 2017. Dkt. 8-12.

2

Macy filed his habeas petition in this Court on August 2, 2017.

## II. Exhaustion of State Court Remedies and Scope of Habeas Review

A federal court may grant habeas relief only if the petitioner "has exhausted the remedies available in" state courts. 28 U.S.C. § 2254(b)(1)(A). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus . . . is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025–26. Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Macy raises four grounds for relief in his habeas petition:

(1) the PCR court wrongly denied him leave to present expert testimony regarding the causes of Mr. Mitchell's wounds;

(2) he was denied effective assistance of counsel at his trial because his attorney declined to present evidence suggesting that another person may have caused Mr. Mitchell's death;

(3) he was denied effective assistance of counsel on appeal because his attorney declined to raise stronger issues than the admissibility of the autopsy photographs; and

(4) the PCR court misunderstood Macy's arguments.

Dkt. 1. However, a review of Macy's transfer petition reveals that he presented only one of these issues to the Indiana Supreme Court: he was denied effective assistance of counsel at his trial because his attorney declined to present evidence suggesting that another person may have caused Mr. Mitchell's death. *See* Dkt. 8-10 at 4–5.

Accordingly, in reviewing Macy's habeas petition, the Court may consider only whether Macy's trial counsel denied him effective assistance by failing to present evidence suggesting that another person may have caused Mr. Mitchell's death. All other arguments are procedurally defaulted and may not be considered.

### III. Standard of Review

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Macy's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Under AEDPA, the Court reviews the last state court decision to address the merits of a prisoner's claim. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). In this case, that is the Indiana Court of Appeals' review of Macy's petition for post-conviction relief. *See Macy*, No. 49A05-1601-PC-100, 2017 WL 1349332. Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of [the Supreme] Court's clearly established precedents if the state court applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

### IV. Analysis

In his habeas petition, Macy presents his ineffective assistance argument as follows:

> [T]he trial counsel's failure to attack the physical evidence against the witness testimony provided by the State, prevented Macy from having an adversarial attack on the State's case to provide Macy with an effective and reliable outcome in the penalty phase of his trial.

Dkt. 1 at 5. The respondent has construed this as an argument that counsel should have "attack[ed] witness testimony via physical evidence to create the insinuation that a third party could have killed" Mr. Mitchell. Dkt. 8 at 10. Macy's argument is grounded in the theory that "someone else— an individual by the name of 'Hitman' who walked around with a stick—sneaked into the crime scene and murdered Mitchell" after Mr. Macy left but before police arrived. *Macy*, No. 49A05-

5

1601-PC-100, 2017 WL 1349332, at ¶ 12. By presenting this theory of the case and evidence to support it, Macy contends counsel could have persuaded the jury that Hitman dealt Mr. Mitchell's fatal blow and that he was guilty only of battery.

A. **Ineffective Assistance of Counsel**

*Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established federal law, as determined by the U.S. Supreme Court, that governs a claim of ineffective assistance of counsel. "*Strickland* recognized that the Sixth Amendment's guarantee that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence' entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence." *Hinton v. Alabama,* 571 U.S. 263, 272 (2014) (quoting *Strickland*, 466 U.S. at 685–87). To determine whether counsel satisfied that standard, the Court must "first determine whether counsel's representation 'fell below an objective standard of reasonableness.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland*, 466 U.S. at 688). Then the Court must "ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla,* 559 U.S. at 366 (quoting *Strickland*, 466 U.S. at 694).

The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. "It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one, but whether the defendant had the 'counsel' of which the sixth amendment speaks." *Williams v. Lemmon*, 557 F.3d 534, 538 (7th Cir. 2009).

Nevertheless, a "single error may suffice if that error is sufficiently egregious and prejudicial." *Id.* (internal citations and quotation marks omitted).

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation omitted). This Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015).

**B.     The Court of Appeals' Decision**

The Court of Appeals' assessment of Macy's ineffective assistance argument began with a thorough presentation of the *Strickland* framework. *Macy*, No. 49A05-1601-PC-100, 2017 WL 1349332, at ¶¶ 9–10. Neither party contends that the Court of Appeals applied the wrong legal standard to Macy's claim.

The Court of Appeals' analysis of the ineffective assistance claim appears in its entirety below:

> Macy's trial counsel testified at the PCR hearing regarding her trial strategy. She noted that there was overwhelming evidence that Macy killed Mitchell. She reasoned that Macy's best strategy would be to defeat the murder charge by convincing the jury that he acted in the heat of passion. In fact, Macy's trial counsel's strategy worked: instead of being convicted of murder, he was convicted of voluntary manslaughter.
>
> Macy posits that he merely battered Mitchell, and that someone else—"an individual by the name of 'Hitman' who walked around with a stick"—sneaked into the crime scene and murdered Mitchell. Appellant's Br. p. 28. By arguing that his trial counsel should have convinced the jury that, despite a complete lack of evidence, a third party sneaked onto the scene and committed the crime, Macy is demanding the impossible. Macy's trial counsel more than met the standard of performance required of attorneys; as such, Macy cannot meet his burden of

proving the first prong of the *Strickland* test, and his ineffective assistance of trial counsel argument must fail.

*Id.* at ¶¶ 11–12.

**C.     Discussion**

Before reaching the merits of the Indiana Court of Appeals' decision, it is worth revisiting two aspects of the legal framework guiding this Court's review. First, Macy has not contested that the Court of Appeals applied the wrong legal standard to his ineffective assistance claim. Therefore, the Court may grant his petition only if the Court of Appeals rendered an unreasonable determination of the facts or applied the law to the facts unreasonably. 28 U.S.C. § 2254(d); *see Cullen*, 563 U.S. at 181. Second, Macy faces a tremendous hurdle in establishing that he is entitled to relief on either theory. This Court must presume that the Court of Appeals' factual findings were correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels*, 476 F.3d at 434. Moreover, Macy "has the burden of proof to show that the application of federal law was unreasonable." *Harding*, 380 F.3d at 1043.

The Court of Appeals found that there was no evidence to support the theory Hitman killed Mr. Mitchell. *Macy*, No. 49A05-1601-PC-100, 2017 WL 1349332, at ¶ 12. The Court must presume that this finding was accurate. Macy's petition asserts generally that the trial record and "the scientific evidence . . . supported the contention that Macy was not the only person to strike" Mr. Mitchell. Dkt. 1 at 6–7. But Macy has not called the Court's attention to any evidence—certainly not *clear and convincing* evidence—to undermine the Court of Appeals' finding.[1]

---

[1] In fact, the record before the Court of Appeals strongly supported its finding. Macy's trial attorney testified at the PCR hearing that Macy admitted to her that he struck Mr. Mitchell in the head multiple times and that "there was absolutely no evidence that we knew of or could point to" to suggest that Mr. Mitchell's injuries were caused by anything else. PCR hearing transcript at 19:24–20:9. "[T]here was just nothin[g] we could pull from to create that type of defense . . . ." *Id.* at 20:6–9; *see also id.* at 22:25– 25:14. Counsel further explained that, by testifying to raise the possibility that someone else entered the apartment, Macy could have revealed a passage of time between the time he discovered his tools missing and the time he

8

Accepting as true the Court of Appeals' finding that no evidence in the record supported the Hitman theory, the Court cannot find its application of *Strickland* unreasonable. The Court of Appeals accepted trial counsel's testimony that her strategy was to persuade the jury that Macy struck Mr. Mitchell in a heat of passion (based on his belief that Mr. Mitchell had stolen from him) and that he acted without the culpable mental state necessary to commit murder. *Macy*, No. 49A05-1601-PC-100, 2017 WL 1349332, at ¶ 11. The Court of Appeals was obligated—as is this Court—to presume that this was a "sound trial strategy." *Strickland*, 466 U.S. at 689. If no evidence supported Macy's preferred alternative strategy, it could not have overcome that presumption.

Macy's petition comes down to a choice between two trial strategies. Macy's attorney determined that the evidence could persuade the jury that he should be found guilty not of murder, but of a lesser-included offense. Macy contends that she should instead have attempted to persuade the jury that he should be convicted of a *different* lesser-included offense based on a theory that was not supported by any evidence. There can be no question that the Court of Appeals was justified in reasoning that counsel acted reasonably in choosing the first strategy.

### V. Conclusion

The Indiana Court of Appeals applied the proper legal standard in this case, and it did not apply the evidence to that standard in "an objectively unreasonable manner." *Brown v. Payton*,

---

struck Mr. Mitchell—which would have seriously undermined the heat of passion defense. *Id.* at 15:8–16:14.

Macy argued to the Court of Appeals that trial counsel erred by failing to admit a "tip" report by Crime Stoppers of Indiana dated March 31, 2008. *See* Dkt. 8-7 at 27–30. The report states that "Big Wheel who is a resident in the apartments and the major dope dealer in the building had an argument with Derrick had an argument with Derrick the day before and had a man named Hitman beat Derrick to death in his apartment." PCR hearing transcript at ex. G. However, counsel explained at the PCR hearing that there was no way to admit this anonymous tip at the trial. *See id.* at 25:15–25. In fact, at trial, Willard Butler, whose apartment was the scene of Mitchell's killing, testified that a person named Hitman arrived at the apartment shortly after Macy struck Mr. Mitchell. *See id.* at 105:24–106:15. However, Mr. Butler testified only that Hitman helped guide emergency responders to the apartment—not that he also struck Mr. Mitchell. *See id.*

9

544 U.S. at 141. Macy's petition for a writ of habeas corpus therefore must be **denied**. Judgment consistent with this Entry shall now issue.

## VI. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Macy has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/5/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER M. MACY
956245
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov